**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

# CHAPTER 13 PLAN AND RELATED MOTIONS

| Name of Debtor(s): | **Carroll Lee Jones, Jr** | SSN: **xxx-xx-4677** | Case Number: **04-40409** |
|---|---|---|---|
| | **Sharon C Jones** | SSN: **xxx-xx-5663** | |

**NOTICE TO CREDITORS:**
Section A is the summary of the Plan, Section B contains the detailed provisions of the Plan and Section C is the debtor's budget. Except where noted otherwise, references to the "debtor" also refer the debtor's spouse if a joint case.

## Section A: Plan Summary

### A-1. DATE OF PLAN
This plan, dated: **2/18/2005** is:

- ☐ the first Chapter 13 plan filed in this case.
- ☑ a modified plan, which replaces the plan dated: **1/14/2005** .

That plan ☐ has ☑ has not been confirmed by the Court.

**Summary of Modification:**
a. Plan Provisions Modified by this Filing:
   A-2, A-3, A-4, B-1, B-3a, B-5a, B-7

b. Nature of Modification:
   Modified plan to cure objection. Plan to remain at 48 months, Payments to trustee lowered from $164.08 weekly to $160.58 weekly, Percentage lowered from 60 to 46%.

c. Creditors Affected by Modification:
   All Creditors

### A-2. ASSETS AND LIABILITIES
On **11/10/2004** , the Debtor

- ☑ filed for relief under Chapter 13.
- ☐ converted a previously filed case to one under Chapter 13.

As of that date, the debtor listed assets and liabilities as follows:

| Total Assets: | **$102,931.00** |
|---|---|
| Total Unsecured Debt including unsecured portion of secured debt: | **$20,953.89** |
| Total Secured Debt: | **$104,274.95** |

### A-3. FUNDING OF THE PLAN
The future earnings and income of the debtor are submitted to the supervision and control of the trustee. The debtor proposes to make payments of **Variable*** per month starting **3/20/2005** . The total amount to be paid into this plan is **$33,400.82** . The plan length is **48 months** , to be paid as follows: **$160.58 weekly** .

If this plan is less than 100% dividend to unsecured creditors the debtor agrees to pay tax refund as additional funding.

*Variable Payments: months 1-2 $296.12; months 3-48 $713.23

UNITED STATES BANKRUPTCY COURT      Case No:    04-40409            **Chapter 13 Plan**
EASTERN DISTRICT OF VIRGINIA      Debtor(s):    **Carroll Lee Jones, Jr**
RICHMOND DIVISION      **Sharon C Jones**

**A-4. PAYMENTS TO UNSECURED CREDITORS**

Unsecured creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee approximately __46%__ of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately __0%__ of their allowed claims.

## Section B: Provisions of Plan

**B-1. ELIGIBILITY**

The debtor is an individual who owed, on the date of filing of the petition commencing this case, noncontingent, liquidated and unsecured debts totaling __$20,953.89__ and noncontingent, liquidated and secured debts totaling __$104,274.95__. The debtor has regular income and is otherwise eligible for relief under 11 U.S.C. § 109(e) of the United States Bankruptcy Code. This plan is proposed in good faith and complies with all applicable provisions of Chapter 13 and the United States Bankruptcy Code.

**B-2. PAYMENTS TO PRIORITY CREDITORS**

**a. Priority Creditors Under 11 U.S.C. § 1326(b).** The following priority creditors shall, subject to payments to secured creditors, be paid in full at or before the time of payment to remaining creditors.

1. Trustee: __10%__ of all sums disbursed, except any funds returned to the debtor.

2. Debtor's Attorney: __$1,494.00__ balance due of total fee of __$1,500.00__ as provided in local rules.

Attorney's fees will be paid as an administrative expense FROM THE INITIAL PAYMENTS under the Plan. The trustee shall retain the debtor's payments prior to confirmation and distribute them according to 1326(b) and 503(b) if this case is dismissed prior to confirmation.

The attorney shall comply with Local Bankruptcy Rule 2016-1. Any fee in excess of the maximum established in L.B.R. 2016-1 will require an application for allowance of compensation and reimbursement of expenses by separate and distinct pleading. Any such application shall comply with 11 U.S.C. § 330, F.R.B.P. 2016 and L.B.R. 2016-1. The attorney shall not send a bill directly to the debtor. Should the debtor receive a bill from his/her attorney, the debtor should send a copy of such bill to the trustee.

**b. Priority Creditors Under 11 U.S.C. § 1322(a)(2).** All allowed priority claims will be paid in full by deferred cash payments, unless the holder of such a claim agrees to be treated differently. The known priority claims are as follows:

| **Creditor** | **Type of Claim** | **Estimated Amount Due** |
|---|---|---|
| **Internal Revenue Service** | **Taxes** | **$6,165.51** |

The debtor allows the IRS the right of set off against refunds due.

**B-3. CREDITORS SECURED BY PROPERTY OTHER THAN REAL ESTATE - DEBTOR TO RETAIN COLLATERAL.**

Creditors whose claims are secured by property other than real estate whose collateral is to be retained by the debtor shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and security agreement creating such security interest.

**a. To be Paid in Full Through Trustee.** Creditors named below whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral not to exceed the balance of the obligation, in deferred cash payments. This will fully satisfy the secured portion of such creditor's allowed claim. The excess of such a creditor's claim, over and above the fair market value of its collateral, will be paid as an unsecured claim.

Creditor: **Drivetime**
Balance Due: _____**$3,056.02**_____.
Collateral Description: **1997 Honda Civic**
Replacement Value: _____**$5,450.00**_____.
Source of Valuation: **NADA**
Interest Rate: _____**7.00%**_____.
Balance due to be amortized by monthly payments through trustee of _____**$103.06**_____ for __**33**__ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

- ☑ The debtor hereby moves to value the collateral at _____**$5,450.00**_____ in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012, and L.B.R. 3015-2.

Creditor: **Internal Revenue Service**
Balance Due: _____**$1,585.36**_____.
Collateral Description: **Taxes**
Replacement Value: _____**$1,585.36**_____.
Source of Valuation:
Interest Rate: _____**0.00%**_____.
Balance due to be amortized by monthly payments through trustee of _____**$48.04**_____ for __**33**__ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

- ☑ The debtor hereby moves to value the collateral at _____**$1,585.36**_____ in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012, and L.B.R. 3015-2.

**b. To be Paid Directly By Debtor.** Creditors named below whose claims are allowed will be paid directly by the debtor in accordance with the terms of the contract and security agreement.

**c. Delinquency to be Cured Through Plan, Regular Payments to be Paid Directly by the Debtor.**

**B-4. CREDITORS SECURED BY PROPERTY WHICH WILL BE SURRENDERED BY THE DEBTOR.**
Upon confirmation of the plan, if not before, the debtor will surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor shall hold a nonpriority, unsecured claim. The entry of the order confirming the plan shall have the effect of terminating the stay of 11 U.S.C. § 362(a) as to the collateral surrendered, thereby allowing the recovery and disposition of such property according to applicable nonbankruptcy law.

**B-5. CREDITORS WITH CLAIMS SECURED BY REAL ESTATE.**
Creditors whose claims are secured by real estate, which is to be retained by the debtor, shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and deed of trust creating the lien thereon.

**a. Claims Secured Only by Interest in Debtor's Principal Residence:**
Creditors named below are secured only by a security interest in real estate which is the debtor's principal residence. Creditors whose claims are allowed will have any delinquency accrued, or default which occurred before the filing of the petition commencing this case, cured through the plan. All obligations of the debtor under the contract and deed of trust (except as pertains to the curing of the below-described arrearages) will be performed by the debtor in accordance with the terms of such contract and deed of trust encumbering the property.

Creditor:  **Home Comings Financial**
Principal Balance Due:  _____**$107,222.02**_____.
Description:  **5820 Cattail Road, Charles City, VA**
Debtor's Estimation of Value:  _____**$91,900.00**_____.
Regular Monthly Installment Payment:  _____**$886.00**_____.
Prepetition Delinquency and Other Defaults:
Amount:  _____**$6,210.99**_____.

- ☐ with interest at the rate of _____
- ☑ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
- ☑ Through the trustee on a fixed monthly basis by monthly payments of
    _____**$188.21**_____ for **33** months or on a pro rata basis.
- ☐ Directly by the debtor.

Regular payments accruing post petition to be paid:
- ☐ Through the trustee on a fixed monthly basis by monthly payments of
    _____ for _____ months or on a pro rata basis.
- ☑ Directly by the debtor.

Creditor:  **Home Comings Financial**
Principal Balance Due:  _____**$26,857.60**_____.
Description:  **2nd Mortgage 5820 Cattail Rd, Charles City, VA**
Debtor's Estimation of Value:  _____**$1.00**_____.
Regular Monthly Installment Payment:  _____**$285.00**_____.
Prepetition Delinquency and Other Defaults:
Amount:  _____**$1,521.58**_____.

- ☐ with interest at the rate of _____
- ☑ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
- ☑ Through the trustee on a fixed monthly basis by monthly payments of
    _____**$46.11**_____ for **33** months or on a pro rata basis.
- ☐ Directly by the debtor.

Regular payments accruing post petition to be paid:
- ☐ Through the trustee on a fixed monthly basis by monthly payments of
    _____ for _____ months or on a pro rata basis.
- ☑ Directly by the debtor.

**b.  Claims Secured by Real Property Other Than the Debtor's Principal Residence:**

Creditors named below are secured by a security interest in real estate other than the debtor's principal residence. Creditors whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral in deferred cash payments.  This will fully satisfy the secured portion of such creditor's allowed claim.  The excess of such creditor's claim over and above the fair market value of its collateral will be paid as an unsecured claim.

**B-6. LIEN AVOIDANCE.**

**a. Avoidance of Nonpossessory, Nonpurchase-Money Security Interest:** The debtor claims certain property exempt on Schedule C. That property is subject to a nonpossessory, nonpurchase-money security interest of a creditor which impairs the exemption of the debtor to personal property that fits within the categories set forth in 11 U.S.C. § 522(f)(1)(B)(i), (B)(ii) or (B)(iii). The exempt property, creditor, amount of the creditor's claim and amount to be avoided and paid as an unsecured claim are set forth below.

**The debtor hereby moves to avoid the following** *nonpossessory, nonpurchase-money security interest liens* **pursuant to 11 U.S.C. § 522(f), L.B.R. 3015-2 and L.B.R. 4003-2.**

| Name of Creditor / Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|
| | | | |

**b. Avoidance of Judicial Lien:** The debtor claims certain property exempt on Schedule C. That property is subject to a judicial lien for a debt, other than for a debt described in 11 U.S.C. § 522(f)(1)(A)(i) and A(ii), which lien impairs the exemption of the debtor to the property. The creditor, debtor's interest in the property, amount of the lien, amount to be avoided and amount not to be avoided are set forth below.

**The debtor hereby moves to avoid the following** *judicial liens* **pursuant to 11 U.S.C. § 522(f), L.B.R. 3015-2 and L.B.R. 4003-2.**

| Name of Creditor / Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|
| | | | |

**c. Avoidance of Other Security Interest and/or Lien:** If the debtor intends to avoid a security interest or judicial lien pursuant to other applicable sections of the United States Bankruptcy Code, then the debtor shall so state below and shall file and serve the necessary pleadings within 90 days after the first date set for the meeting of creditors or, if applicable, contemporaneously with the filing of any Modified Chapter 13 Plan and Related Motions.

| Name of Creditor / Description of Collateral | Type of Lien | Basis for Lien Avoidance |
|---|---|---|
| | | |

**B-7. UNSECURED CREDITORS NOT ENTITLED TO PRIORITY.**

Unsecured creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee approximately **46%** of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately **0%** of their allowed claims.

**B-8. EXECUTORY CONTRACTS.**

The debtor moves for assumption or rejection of the executory contracts and leases listed below.

**a. Executory Contracts to be Rejected by the Debtor.** The debtor rejects the following executory contracts.

| **Name of Creditor** | **Type of Contract** |
|---|---|
| | |

**b. Executory Contracts to be Assumed by the Debtor.** The debtor assumes the following executory contracts. The debtor agrees to abide by all terms of the agreement and to cure any prepetition arrearages or defaults in the manner listed below.

| **Name of Creditor** | **Type of Contract** | **Arrears on Filing Date** |
|---|---|---|
| **Jacob's Music**<br>**7079 Mechanicsville Trnpk**<br>**Mechanicsville, VA 23111** | *Trumpet* | |

| UNITED STATES BANKRUPTCY COURT | Case No: 04-40409 | **Chapter 13 Plan** |
|---|---|---|
| EASTERN DISTRICT OF VIRGINIA | Debtor(s): **Carroll Lee Jones, Jr** | |
| RICHMOND DIVISION | **Sharon C Jones** | |

**B-9. TITLE OF PROPERTY TO REVEST IN DEBTOR.**
All property of the estate shall revest in the debtor upon confirmation of the plan, subject to the provisions in the plan and confirmation order. Unless the plan provides otherwise, a secured creditor retains its lien until the allowed amount of its secured claim is paid. The terms of the debtor's prepetition agreement with a secured creditor shall continue to apply except as otherwise provided for in this plan or the order confirming the plan.

**B-10. TREATMENT OF CLAIMS.**

a. Secured creditors must timely file a proof of claim to receive payment from the trustee.

b. Before or after confirmation of the plan, a party in interest may object to a claim which is not filed in accordance with F.R.B.P. 3001 or 3002.

c. If a claim is scheduled as unsecured and the creditor files a proof of claim alleging that the claim is secured but does not timely object to the confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor affected by the plan to seek relief from the stay or to object to the discharge of debt.

d. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor will be treated as unsecured for purposes of distribution under the plan.

e. If a claim is filed for collateral that is to be surrendered, the claim may be disallowed for purposes of distribution under the plan. An unsecured claim may be filed for any deficiency balance that may remain.

f. If a claim is filed for a debt being paid directly by the debtor, the claim may be disallowed for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to seek relief from the stay or move for dismissal should the debtor fail to make the payments as proposed in the plan.

**B-11. OTHER PROVISIONS OF THE PLAN.**
NOTE: This plan may affect the rights of secured creditors including the valuation of secured property.

**a. The Following Creditors Are To Be Paid 100%.** The favorable discrimination (treated differently) is for the reason stated.

| Name of Creditor | Reason for Discrimination | Balance Due |
|---|---|---|
| | | |

☑ The debtor will not sell real property without an order from the court.

## Section C: Budget

Copies of the following documents are attached:
Schedule I: Current Income of Individual Debtor(s)
Schedule J: Current Expenditures of Individual Debtor(s)

**(Note to debtor: Be sure that the Schedules are attached to each copy of the plan filed with the court or served upon a party in interest.)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: **Carroll Lee Jones, Jr**     CASE NO **04-40409**
        **Sharon C Jones**

                                                         CHAPTER     **13**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | |
|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age | Relationship |
| **Married** | T.J. | 12 | Child | | | |
| | A.J | 9 | Child | | | |
| | K.J. | 6 | Child | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Molding Tech. | Medical Biller |
| Name of Employer | Crown, Cork & Seal | Pediatric & Adolescent Medicine, LLP |
| How Long Employed | 20 Years | Began 11/02/2004 |
| Address of Employer | 4915 Norman Road | 3603 Grove Ave |
| | Sandston, VA 23450 | Richmond, VA 23231 |

| Income: (Estimate of average monthly income) | *DEBTOR* | *SPOUSE* |
|---|---:|---:|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $2,978.21 | $2,096.25 |
| Estimated monthly overtime | $0.00 | $0.00 |
| **SUBTOTAL** | **$2,978.21** | **$2,096.25** |
| LESS PAYROLL DEDUCTIONS | | |
|     A. Payroll taxes (includes social security tax if B. is zero) | $252.76 | $111.39 |
|     B. Social Security Tax | $219.14 | $160.35 |
|     C. Insurance | $125.75 | $0.00 |
|     D. Union dues | $0.00 | $0.00 |
|     E. Retirement | $0.00 | $0.00 |
|     F. Other (specify) Uniforms | $25.44 | $0.00 |
|     G. Other (specify) | $0.00 | $0.00 |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$623.09** | **$271.74** |
| **TOTAL NET MONTHLY TAKE HOME PAY** | **$2,355.12** | **$1,824.51** |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | $0.00 |
| Social Security or other government assistance (specify) | $0.00 | $0.00 |
| Pension or retirement income | $0.00 | $0.00 |
| Other monthly income (specify below) | | |
|     1. | $0.00 | $0.00 |
|     2. | $0.00 | $0.00 |
|     3. | $0.00 | $0.00 |
| ***TOTAL MONTHLY INCOME*** | **$2,355.12** | **$1,824.51** |

**TOTAL COMBINED MONTHLY INCOME $4,179.63**       (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE:  Carroll Lee Jones, Jr   CASE NO   **04-40409**
        Sharon C Jones
                                CHAPTER   **13**

# SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rental for mobile home) | $980.28 |
| Are real estate taxes included?   ☑ Yes   ☐ No | |
| Is property insurance included?   ☑ Yes   ☐ No | |
| **Utilities:**  Electricity and heating fuel | $200.63 |
| Water and sewer | |
| Telephone | $131.00 |
| Other: Educational Expenses | $25.00 |
| Home maintenance (repairs and upkeep) | $100.00 |
| Food | $750.00 |
| Clothing | $200.00 |
| Laundry and dry cleaning | $20.00 |
| Medical and dental expenses (not covered by insurance) | $20.00 |
| Transportation (not including car payments) | $385.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| Charitable contributions | |
| **Insurance** (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | |
| Life | $66.79 |
| Health | |
| Auto | $116.18 |
| Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) | $50.00 |
| Specify: Personal Property Taxes | |
| **Installment payments:** (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
| Auto: | |
| Other: 2nd Mortgage | $285.75 |
| Other: Trumpet Rental | $25.00 |
| Other: | |
| Alimony, maintenance, and support paid to others | |
| Payments for support of additional dependents not living at debtor's home | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other: Miscellaneous | $100.00 |
| Other: | |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$3,455.63** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income   $4,179.63
B. Total projected monthly expenses (including separate spouse budget if applicable)   $3,455.63
C. Excess income (A minus B)   $724.00
D. Total amount to be paid into plan each     **Weekly**     (interval)     Variable

## Section D: Signatures

Dated: 2/18/2005

| /s/ Hartley E. Roush | /s/ Carroll Lee Jones, Jr |
|---|---|
| **Hartley E. Roush** | **Carroll Lee Jones, Jr, Debtor** |
| Bar Number: 30042 | /s/ Sharon C Jones |
| Attorney for Debtor(s) | **Sharon C Jones, Joint Debtor** |

Address of Attorney:               Address of Debtor(s):

1650 Willow Lawn Drive, Suite 300        5820 Cattail Road
Richmond, VA 23230              Charles City, VA 23030

Phone:           Fax:

## Section E: Proof of Service

The undersigned hereby certifies that on this date the foregoing Chapter 13 Plan and Related Motions was served upon the standing trustee, all creditors, and other interested parties, as set forth in the attached list of names and addresses, by mailing a complete copy of the plan, including a photocopy of the budget, to each party, by first-class mail, or by electronic means.

Dated: 2/18/2005                    /s/ Hartley E. Roush        30042
                         **Hartley E. Roush**        Bar No.
                         Attorney or pro se debtor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

## NOTICE OF CHAPTER 13 PLAN AND RELATED MOTIONS

| Name of Debtor(s): | **Carroll Lee Jones, Jr** | SSN: | **xxx-xx-4677** | Case Number: | **04-40409** |
|---|---|---|---|---|---|
| | **Sharon C Jones** | SSN: | **xxx-xx-5663** | | |

**To: (Government)**

**To: (Banks)**
Capital One, R/A Nigel Morris, 11013 W. Broad Street, Glen Allen, VA 23060
Providian National Bank, R/A Shailesh Mehta, P.O. Box 192844, San Francisco, CA 94119

**To: (Corporations)**
Capital One Auto Finance, R/A Beverly L. Crump, 11 S. 12th St., Richmond, VA 23219

**NOTICE OF:**

**1) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION**
**2) MOTION FOR VALUATION**
**3) MOTION TO AVOID CERTAIN LIENS, AND**
**4) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

| | | | |
|---|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF VIRGINIA<br>RICHMOND DIVISION | Case No: 04-40409<br>Debtor(s): **Carroll Lee Jones, Jr**<br>**Sharon C Jones** | | **Chapter 13 Plan** |

The debtor(s) has filed a Chapter 13 Plan and Related Motions with the Court seeking to adjust his debts and, if applicable, to value the collateral of secured creditors, to avoid (that is, set aside or cancel) certain liens, and to assume or reject leases and executory contracts. This Chapter 13 Plan and Related Motions modifies a plan which was not confirmed by the Court.

**Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Local Bankruptcy Rule 3015-2 provides that the Chapter 13 plan will be confirmed and the related motions granted, without a court hearing, if no objection is filed within the time allowed. If you do not want the Court to confirm the plan or (if you are a secured creditor) to value you collateral or avoid your lien as provided in the plan or (if you a a party to an unexpired lease or executory contract with the debtor) to assume or reject the lease or executory contract, then on or before    **3/21/2005**   , you or your attorney must:

File a written objection and a copy with the Court at:  U.S. Bankruptcy Court, Clerk
1100 East Main Street
Richmond, VA  23219

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to the attorney for the debtor(s) (or to the debtor(s) if the debtor(s) is not represented by counsel) and to the Chapter 13 Trustee:

Address of attorney for the debtor(s) or debtor(s) if not represented by counsel:

Hartley E. Roush
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230

Address of Chapter 13 Trustee:

Robert E. Hyman, Chapter 13 Trustee
P.O. Box 1780
Richmond, VA  23219-1780

If a timely objection is filed to the original Chapter 13 Plan and Related Motions, the objection and the motions, if any, will be heard at the date and time given in the   **Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines**   previously mailed to you by the Clerk's Office. If a timely objection is filed to a modified plan, the Court will schedule a hearing on the objection.

1. The Chapter 13 Plan and Related Motions propose to value the claims of the following creditors:

| Name of Creditor /<br>Description of Collateral | Value Assigned<br>by Debtor | Interest<br>Rate | Estimated Balance<br>of Credit |
|---|---:|---:|---:|
| **Drivetime**<br>1997 Honda Civic | **$5,450.00** | **7.00%** | **$0.00** |
| **Internal Revenue Service**<br>Taxes | **$1,585.36** | **0.00%** | **$0.00** |

2. The Chapter 13 Plan and Related Motions propose to avoid judicial liens, nonpossessory, nonpurchase-money security interests or other liens of the following creditors:

| Name of Creditor /<br>Description of Collateral | Value of<br>Collateral | Identity of Senior<br>Lienholder (if any) | Amount of Claim<br>of Senior Lienholder |
|---|---|---|---|

3. The Chapter 13 Plan and Related Motions propose to assume or reject an executory contract or unexpired lease with the following creditors:

**(A) Assume:**

| **Name of Creditor** | **Type of Contract** | **Arrears on Filing Date** |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF VIRGINIA<br>RICHMOND DIVISION | Case No: 04-40409<br>Debtor(s): **Carroll Lee Jones, Jr**<br>**Sharon C Jones** | **Chapter 13 Plan** |

**Jacob's Music**  *Trumpet*
**7079 Mechanicsville Trnpk**
**Mechanicsville, VA 23111**

**(B) Reject:**

| Name of Creditor | Type of Contract |
|---|---|
| | |

**REVIEW THE CHAPTER 13 PLAN AND RELATED MOTIONS CAREFULLY TO DETERMINE THE TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PROOF OF SERVICE**

The undersigned hereby certifies that on this date the foregoing Notice was served upon the standing trustee, all creditors, and other interested parties, as set forth on the attached list of names and addresses, by mailing a complete copy of the Notice to each party, by first-class mail, or by electronic means.

Dated: 2/18/2005                               /s/ Hartley E. Roush                    30042
                                                **Hartley E. Roush**                   Bar No.
                                                Attorney or pro se debtor

| Debtor(s): Carroll Lee Jones, Jr<br>Sharon C Jones | Case No: 04-40409<br>Chapter: 13 | EASTERN DISTRICT OF VIRGINIA<br>RICHMOND DIVISION |
|---|---|---|
| Advance America<br>4501 Williamsburg Rd, Ste W<br>Richmond, VA 23231 | Gulf State Credit Llc (original<br>Po Box 105460<br>Atlanta, GA 30348 | Specialized, Inc of Virginia<br>722 E. Market St., Ste 200<br>Leesburg, VA 20176 |
| Advance America<br>6100 W. Broad St, Ste B<br>Richmond, VA 23230 | Home Comings Financial<br>2711 N Haskell Ave. Sw 1<br>Dallas, TX 75204 | Sprint PCS<br>PO Box 1769<br>Newark, NJ 07101 |
| Capital 1 Bk<br>11013 W Broad St<br>Glen Allen, VA 23060 | Internal Revenue Service<br>Insolvency Units<br>P.O. Box 10025<br>Richmond, VA 23240 | U.S. Trustee Office<br>600 E. Main St., Suite 120<br>Richmond, VA 23219 |
| Capital One Auto Finance<br>3901 Dallas Pkwy<br>Plano, TX 75093 | Jacob's Music<br>7079 Mechanicsville Trnpk<br>Mechanicsville, VA 23111 | |
| CCB Credit Svcs, Inc<br>PO Box 272<br>Springfield, IL 62705 | Kirk D. McQuiddy, Esq<br>Law Offices of Kirk D. McQuiddy<br>PO Box 3963<br>Richmond, VA 23235 | |
| Cross Country Bank<br>Po Box 15371<br>Wilmington, DE 19850 | Krumbein & Associates, PLLC<br>1650 Willow Lawn Drive, Suite 3<br>Richmond, VA 23230 | |
| Diversified Adjustment Svc<br>PO Box 32145<br>Fridley, MN 55432 | OSI Collection Svcs<br>for Capital One Bank<br>PO Box 550720<br>Jacksonville, FL 32255 | |
| Drivetime<br>4020 E Indian School Rd<br>Phoenix, AZ 85018 | Providian<br>Po Box 9201<br>Old Bethpage, NY 11804 | |
| Eductn Cl<br>Po Box 85520<br>Richmond, VA 23285 | Providian<br>4900 Johnson Dr<br>Pleasanton, CA 94588 | |
| Financial Asset Mgmt<br>PO Box 926050<br>Norcross, GA 30010 | Sherman Acquisition, LP<br>for Cross Country Bank<br>PO Box 10587<br>Greenville, SC 29603-0587 | |