**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**


**CHAPTER 13 PLAN
AND RELATED MOTIONS**

Name of Debtor(s): Carroll Lee Jones Jr     Case No: 04-40409
                   Sharon C Jones

This plan, dated <u>March 27, 2006</u>, is:
    ☐ the first Chapter 13 Plan filed in this case.
    ☒ a modified plan which replaces the plan dated: <u>February 18, 2005</u>

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
    <u>5/9/2007</u> at <u>11:00 a.m.</u>
Place of <u>Modified Plan</u> Confirmation Hearing:
<u>Chief Judge Tice's Courtroom, 1100 E. Main St, Rm 335, Richmond, VA</u>

The plan provisions modified by this filing are:
1, 4

Creditors affected by this modification are:

all

**NOTICE: YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>**, without further notice or hearing unless written objection is filed not later that ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.

The debtor(s)' schedules list assets and liabilities as follows:
Total Assets:                          $102,931.00
Total Non-Priority Unsecured Debt:     **$7,185.55**
Total Priority Debt:                   **$7,914.51**
Total Secured Debt:                    $104,274.95

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $696.00 for 24 months. Other payments to the Trustee are as follows: Suspend payments for 3 months, then $695.00 for 9 months. The total amount to be paid into the plan is $22,959.00.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**
    1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $2,059.00 balance due of the total fee of $2,065.00 and cost of $260.00 concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C § 507 (a)(1) will be paid prior to other creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| IRS | taxes | $4,620.51 | $96.26  x 48 |
| IRS | taxes | $1,235.00 | $25.78   x 48 |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which §506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debt secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est. Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimated term** |
|---|---|---|---|---|---|
| None | | | | | |

**B.     Claims to Which  §506 Valuation is Applicable.**  Claims listed in this subsection consist of debt any claims secured by personal property not described in Plan paragraph 3.A.  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.**  Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est. Claim Amt | (e) Interest Rate | (f) Monthly & Estimated term** |
|---|---|---|---|---|---|

**B.      Claims to Which §506 Valuation is Applicable.**  Claims listed in this subsection consist of debt any claims secured by personal property not described in Plan paragraph 3.A.  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.**  Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est. Claim Amt | (e) Interest Rate | (f) Monthly & Estimated term** |
|---|---|---|---|---|---|
| Drive Time | 97 Honda | unknown | $3056.02 | 6% | $100.74 x 33 mos |

**\*\*THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326 (a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

**C.  Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor may hold a non-priority, unsecured claim for a timely filed deficiency claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

**4.  Unsecured Claims.**

   A. **Not separately classified**. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **100%.** If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0%.**

   B. **Separately classified unsecured claims**.

| Creditor | Basis for Classification | Treatment | Balance |
|---|---|---|---|

**5.  Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**
   Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

   **A. Debtor(s) to pay claim directly**. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimate Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Homecoming | residence | | 1342.82 | | | *Pd prior to w/d |
| Homecoming | residence | | 969.36 | | | *pd prior to w/d |

**B. Trustee to pay the contract payments and the arrearages**. The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**6. Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A. Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| | |

**B. Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Jacob's Music | trumpet | n/a | n/a | n/a |

**7. Motions to Avoid Liens.**

**A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The (s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|----------|------------|-----------------|------------------|---------------------|
|          |            |                 |                  |                     |

B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f)**. The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|----------|--------------|---------------------------|---------------------|
|          |              |                           |                     |

8. **Treatment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**

**Signatures:**

**Dated:** 3/27/2007

/s/ Carroll Lee Jones Jr                    /s/ Hartley E. Roush VA Bar 30042
**Debtor**                                                       **Debtor's Attorney**

/s/ Sharon C Jones
**Joint Debtor**

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Certificate of Service

I certify that on 3/27/2007, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                               /s/ Hartley E. Roush VA Bar 30042

                                               Hartley E. Roush VA Bar 30042, VA Bar 30042
                                               Krumbein & Associate, PLLC
                                               1650 Willow Lawn Drive, Suite 300
                                               Richmond, VA 23231
                                               (804) 673-4358

Carroll Lee Jones Jr
3361 The Loop Road
Richmond, VA  23231

| | | |
|---|---|---|
| Advance America<br>4501 Williamsburg Road, Ste. W.<br>Richmond, Va  23231 | Diversified Adjustment Svc<br>P.O. Box 32145<br>Fridley, MN  55432 | Homecomings Financial Network<br>P.O. Box 939072<br>San Diego, CA  92193-9072 |
| Advance America<br>6100 W. Broad Street, Ste. B.<br>Richmond, VA  23230 | Drivetime<br>4020 E. Indian School Road<br>Phoenix, AZ  85018 | INTERNAL REVENUE SERVICE<br>Insolvency Groups<br>400 North 8th Street, Box 76<br>Stop Room 898<br>Richmond, VA  23240 |
| Capital 1 Bk<br>11013 W. Broad Street<br>Glen Allen, VA  23231 | Drivetime Credit Corp.<br>1030 N. Colorado St.<br>Gilbert, AZ  85233 | INTERNAL REVENUE SERVICE<br>Insolvency Groups<br>400 North 8th Street, Box 76<br>Stop Room 898<br>Richmond, VA  23240 |
| Capital One Auto Finance<br>3901 Dallas Parkway<br>Plano, TX  75093 | Eductn C1<br>P.O. Box 85520<br>Richmond, VA  23285 | Internal Revenue Service<br>Insolvency Units<br>P.O. Box 10025<br>Richmond, VA  23240 |
| Capital One Auto Finance<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX  75374 | Financial Asset Mgmt.<br>P.O. Box 926050<br>Norcross, GA  30010 | IRS<br>IRS |
| CAPITAL ONE<br>P.O. Box 85167<br>Richmond, VA  23285 | Gulf State Credit Llc<br>P.O. Box 105460<br>Atlanta, GA  30348 | Jacob's Music<br>7079 Mechanicsville Turnpike<br>Mechanicsville, VA  23111 |
| Cato Corporation<br>P.O. Box 740933<br>Dallas, TX  75374 | Home Comings Financial<br>2711 N. Haskell Ave. Sw.1<br>Dallas, TX  75204 | OSI Collection Svcs<br>for Capital One Bank<br>P.O. Box 550420<br>Jacksonville, FL  32255 |
| CCB Credit Svcs, Inc.<br>P.O. Box 272<br>Springfield, IL, 62705 | HomeComings Financial Network<br>c/o Eric White<br>1804 Staples Mill Road, Suite 200<br>Richmond, VA  23230 | Providian<br>4900 Johnson Drive<br>Pleasanton, CA  94588 |
| Cross Country Bank<br>P.O. Box 51371<br>Wilmington, DE  19850 | Homecomings Financial Network<br>c/o Kirk D. McQuiddy, Esq.<br>P.O. Bpx 3963<br>Richmond, VA  23235 | Providian<br>P.O. box 9201<br>Old Bethpage, NY  11804 |

Carroll Lee Jones Jr
3361 The Loop Road
Richmond, VA  23231



Sherman Acquisition LP
dba RESURGENT ACQUISITION
P.O. Box 10587
Greenville, SC  29603-0587



Sherman Acquisition LP
P.O. Box 10587
Greenville, SC  29603-0587



Specialized, Inc. of Virginia
722 E. Market St., Ste. 200
Leesburg, VA  20176



Sprint PCS
P.O. Box 1769
Newark, NJ  07101



US Trustee Office
600 E. Main Street
Suite 120
Richmond, VA  23219

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE: **Carroll Lee Jones, Jr**  CASE NO **04-40409**
**Sharon C Jones**

CHAPTER **13**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | |
|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age | Relationship |
| **Married** | T.J. | 12 | Child | | | |
| | A.J | 9 | Child | | | |
| | K.J. | 6 | Child | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Molding Tech. | Medical Biller |
| Name of Employer | Crown, Cork & Seal | Pediatric & Adolescent Medicine, LLP |
| How Long Employed | 20 Years | Began 11/02/2004 |
| Address of Employer | 4915 Norman Road | 3603 Grove Ave |
| | Sandston, VA 23450 | Richmond, VA 23231 |

| Income: (Estimate of average monthly income) | *DEBTOR* | *SPOUSE* |
|---|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $2,978.21 | $2,096.25 |
| Estimated monthly overtime | $0.00 | $0.00 |
| **SUBTOTAL** | **$2,978.21** | **$2,096.25** |
| LESS PAYROLL DEDUCTIONS | | |
|    A. Payroll taxes (includes social security tax if B. is zero) | $252.76 | $111.39 |
|    B. Social Security Tax | $219.14 | $160.35 |
|    C. Medicare | $0.00 | $0.00 |
|    D. Insurance | $125.75 | $0.00 |
|    E. Union dues | $0.00 | $0.00 |
|    F. Retirement | $0.00 | $0.00 |
|    G. Other (specify) Uniforms | $25.44 | $0.00 |
|    H. Other (specify) | $0.00 | $0.00 |
|    I. Other (specify) | $0.00 | $0.00 |
|    J. Other (specify) | $0.00 | $0.00 |
|    K. Other (specify) | $0.00 | $0.00 |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$623.09** | **$271.74** |
| **TOTAL NET MONTHLY TAKE HOME PAY** | **$2,355.12** | **$1,824.51** |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | $0.00 |
| Social Security or other government assistance (specify) | $0.00 | $0.00 |
| Pension or retirement income | $0.00 | $0.00 |
| Other monthly income (specify below) | | |
|    1. | $0.00 | $0.00 |
|    2. | $0.00 | $0.00 |
|    3. | $0.00 | $0.00 |
| **TOTAL MONTHLY INCOME** | **$2,355.12** | **$1,824.51** |

**TOTAL COMBINED MONTHLY INCOME  $4,179.63**  (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
**None.**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | Carroll Lee Jones, Jr | CASE NO | **04-40409** |
| | Sharon C Jones | | |
| | | CHAPTER | **13** |

# SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rental for mobile home) <br> Are real estate taxes included?   ☑ Yes   ☐ No <br> Is property insurance included?   ☑ Yes   ☐ No | $980.28 |
| **Utilities:**  Electricity and heating fuel | $200.63 |
|  Water and sewer | |
|  Telephone | $131.00 |
|  Other: Educational Expenses | $25.00 |
| Home maintenance (repairs and upkeep) | $100.00 |
| Food | $750.00 |
| Clothing | $200.00 |
| Laundry and dry cleaning | $20.00 |
| Medical and dental expenses (not covered by insurance) | $20.00 |
| Transportation (not including car payments) | $385.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| Charitable contributions | |
| **Insurance** (not deducted from wages or included in home mortgage payments) | |
|  Homeowner's or renter's | |
|  Life | $66.79 |
|  Health | |
|  Auto | $116.18 |
|  Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) <br> Specify: Personal Property Taxes | $50.00 |
| **Installment payments:** (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
|  Auto: | |
|  Other: 2nd Mortgage | $285.75 |
|  Other: Trumpet Rental | $25.00 |
|  Other: | |
| Alimony, maintenance, and support paid to others: <br> Payments for support of add'l dependents not living at debtor's home: <br> Regular expenses from operation of business, profession, or farm (attach detailed statement) <br> Other: Miscellaneous <br> Other: | $100.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$3,455.63** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | $4,179.63 |
| B. Total projected monthly expenses (including separate spouse budget if applicable) | $3,455.63 |
| C. Excess income (A minus B) | $724.00 |
| D. Total amount to be paid into plan each    ***Weekly***    (interval) | Variable |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re: Carroll Lee Jones Jr           Case No.: 04-40409
       Sharon C Jones               Chapter 13
       Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITORS

<u>To: Creditor</u>                     <u>RE: Description of Collateral</u>
Drive Time                         97 Honda

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    [X] To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    [ ] To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

     Date objection due: <u>4/27/07</u>
     Date and time of confirmation hearing:  <u>5/9/2007, 11:00 a.m.</u>
     Place of confirmation hearing:    <u>Chief Judge Tice's Courtroom</u>
                                          <u>1100 East Main Street, Room 335</u>
                                          <u>Richmond, VA 23219</u>

                                          <u>Carroll Lee Jones Jr and Sharon C Jones</u>
                                          *Name(s) of debtor(s)*

                                          By: <u>/s/ Hartley E. Roush VA Bar 30042</u>

                                          [X] Debtor(s)' Attorney
                                          [ ] Pro se debtor

<u>Hartley E. Roush VA Bar 30042</u>
*Name of attorney for debtor(s)*
Hartley E. Roush VA Bar 30042, VA Bar 30042
Krumbein & Associate, PLLC
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23231
(804) 673-4358
Fax: (804) 673-4350

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    (X) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or
    ( ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this 3/27/2007

    /s/ Hartley E. Roush VA Bar 30042

Ver. 6/17/2005